IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVIA B FRAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2404-M-BK |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to the District Court's *Order* (Doc. 18), this case was referred for pretrial management. On September 19, 2011, Defendants filed their *Motion to Dismiss State Common-Law Tort Claims Against Defendant Ryan R. Bluhm*. (Doc. 8). On December 5, 2012, the Court ordered Plaintiff to file a response by December 12, 2011, if she opposed the relief sought. (Doc. 19). However, Defendant's response was not filed until December 15, 2011. (Doc. 23). After considering the pleadings and applicable law, the Court recommends that Defendants' *Motion to Dismiss State Common-Law Tort Claims Against Defendant Ryan R. Bluhm* (Doc. 8) be **GRANTED**.

Plaintiff asserts claims under the Texas Tort Claims Act (TTCA) against the City of Dallas and Bluhm for assault and battery, false imprisonment, and negligence. (Doc. 2 at 12-13). *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are brought under the TTCA for purposes of section 101.106). Plaintiff concedes that all its claims "are derived from a common nucleus of operative facts." (Doc. 23 at 3).

Defendants seek dismissal of the pendant state law tort claims against Defendant Bluhm under section 101.106(e) of the Texas Civil Practice and Remedies Code, which provides:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(e).  Defendants contend that because Plaintiff has alleged state law claims against both the City of Dallas and Bluhm, section 101.106(e) requires dismissal of those claims as to Defendant Bluhm.  (Doc. 8).  The Court finds Defendants' argument to be well taken.

"[A] suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities." *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex.App.--Fort Worth 2008, no pet.); *see also Cox v. City of Fort Worth, Tex.*, 762 F. Supp. 2d 926, 933 (N.D. Tex. 2010).  In construing section 101.106, the Texas Supreme Court held that the purpose of revisions to the section "was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657 (internal citations and footnote omitted).  "The statute's purpose is clear: the plaintiff may sue the governmental entity or its employees for alleged conduct, but not both." *Cox*, 762 F. Supp. 2d at 933.

Accordingly, the Court recommends that Defendants' *Motion to Dismiss State Common-Law Tort Claims Against Defendant Ryan R. Bluhm* (Doc. 8) be **GRANTED**, and that Plaintiff's state law tort claims for assault and battery, false imprisonment, and negligence be **DISMISSED with prejudice** as to Defendant Bluhm.  *See City of Arlington v. Randall*, 301 S.W. 3d 896, 903 (Tex.App. – Fort Worth 2009, pet. denied) ("Even if the plaintiff amends his petition after the

government files a motion to dismiss, the amended petition does not moot the right created by the filing of a motion under section 101.106.).

**SO RECOMMENDED** on February 14, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE