IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVIA B FRAGA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2404-M-BK |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order* (Doc. 18), this case was referred for pretrial management.  The Court now considers Defendant Ryan Bluhm's *Motion for Partial Summary Judgment Based on Qualified Immunity*.  For the reasons that follow, it is recommended that Defendant Ryan Bluhm's *Motion for Partial Summary Judgment Based on Qualified Immunity* (Doc. 33) be GRANTED.

## BACKGROUND

In the early morning hours of September 6, 2009, Defendant Bluhm was on uniformed patrol for the Dallas Police Department when he observed a fight involving several women on the sidewalk outside of some bars and restaurants.  (Doc. 35-1 at 1).  Bluhm observed Plaintiff "swinging her arms in an apparent attempt to strike the other participants in the altercation." *Id.* Plaintiff avers that she was defending herself after being struck by one of the other women. (Doc. 38 at 3, 7).  Bluhm and other Dallas police officers intervened and attempted to break up the fight.  (Docs. 35-1 at 1; 38 at 3, 7).  Plaintiff asserts that she tried to explain to Bluhm that she was defending herself, while also screaming at the other women to leave her alone.  (Doc. 38 at 3, 7).

1

As relevant to the issue currently before the Court, Bluhm alleges that, while speaking to Plaintiff, he noticed the odor of "an alcoholic beverage" on Plaintiff's breath, that her eyes were bloodshot, and that her speech was slurred. (Doc. 35-1 at 1). Bluhm contends that, based on the observations and the fact that Plaintiff was involved in a physical altercation on a public street, he believed Plaintiff was intoxicated to the degree that she posed a danger to herself or to another person. *Id*. Consequently, Bluhm arrested Plaintiff for public intoxication. *Id*. at 2.

After being placed under arrest, Plaintiff complained of pain in her left arm, so Bluhm removed Plaintiff's handcuffs, sat her on the curb, and called the paramedics to examine her. (Docs. 35-1 at 2; 38 at 4). Subsequently, paramedics determined Plaintiff's arm was broken, but she refused transportation to the hospital by Dallas Fire-Rescue. (Docs. 35-1 at 2; 38 at 4, 7-8). Bluhm issued a citation to Plaintiff for public intoxication and released her to her friend to seek medical treatment. *Id*. The public intoxication charge was later dismissed. (Doc. 38 at 4).

Plaintiff disputes the assertion that she was intoxicated or a danger to herself or others. (Doc. 38 at 5). Plaintiff's friend, Jessica Sanchez, who was also present that night, likewise contends that Plaintiff was not intoxicated. *Id*. at 7-8.

Plaintiff has brought suit against Bluhm under: (1) 42 U.S.C. § 1983, for unlawful detention, unlawful arrest, excessive force, and conspiracy; (2) 42 U.S.C. §§ 1985, 1986, for conspiracy to violate Plaintiff's constitutional rights; and (3) the Texas Constitution, for violating Plaintiff's right to due process and to be free of unreasonable searches and seizures. (Doc. 31 at 11-14). Bluhm moves for summary judgment on the basis of qualified immunity on all of Plaintiff's claims, except her excessive force claim. (Doc. 33). In response, Plaintiff concedes Bluhm is entitled to summary judgment regarding Plaintiff's claims for unlawful detention, conspiracy, and violations of the Texas Constitution. (Doc. 37 at 5). Accordingly, Defendant

Bluhm should be GRANTED summary judgment on these claims.  The only issue remaining before the Court, then, is whether Defendant Bluhm is entitled to qualified immunity regarding Plaintiff's unlawful arrest claim.

## ANALYSIS

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoted citation omitted).  Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In the context of a summary judgment motion on the issue of qualified immunity, the defendant need only assert the defense in good faith, and is not required to present evidence.  *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008);  *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633-34 (5th Cir. 2000).  Once raised, the burden of negating the defense of qualified immunity lies with the Plaintiff.  *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).  Plaintiff must "come forward with specific facts showing that there is a genuine issue for trial."  *Id.*

The qualified immunity inquiry is two-pronged: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively

unreasonable in light of clearly-established law at the time of the violation. *Pearson*, 129 S.Ct. at 816. A court can begin its assessment with either prong. *Id*. at 818 (overruling in part *Saucier v. Katz*, 533 U.S. 194 (2001)). If the court answers both questions in the affirmative, the official is not entitled to qualified immunity. All facts and inferences are viewed in the light most favorable to Plaintiff, and all disputed facts are resolved in her favor. *Id*.

After considering the evidence and applicable law, the Court finds that Defendant Bluhm is also entitled to qualified immunity on Plaintiff's unlawful arrest claim. An officer is entitled to qualified immunity on an unlawful arrest claim if "a reasonable person in their position could have believed he had probable cause to arrest." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). "In particular, the 'arrest must be based on probable cause, which exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Glenn*, 242 F.3d at 231 (quoting *Spiller v. Texas City*, 130 F.3d 162, 165 (5th Cir. 1997)).

Whether probable cause existed is a question of law for the court to determine. *Blackwell v. Barton*, 34 F.3d 298, 304 (5th Cir. 1994). In making such determination, the court looks to the totality of the circumstances. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000) (citation omitted).

In Texas, a person commits an offense if she appears in a public place while intoxicated to the degree that she may endanger herself or another. TEX. PEN. CODE § 49.02(a). The test for whether probable cause exists for a public intoxication arrest is whether the officer's knowledge at the time of the arrest would warrant a prudent person in believing that a suspect, albeit intoxicated, was in any way a danger to himself or another person. *Rodrigues v. State*, 191

4

S.W.3d 428, 445 (Tex.App.– Corpus Christi, 2006, pet ref'd).  In the case *sub judice*, Defendant Bluhm encountered Plaintiff -- who smelled of alcohol -- as she was "swinging her arms in an apparent attempt to strike the other participants in the altercation."  Plaintiff continued to shout even after officers attempted to break up the fight.  These uncontested facts established probable cause to believe Plaintiff was a danger to herself or another person.

Plaintiff's arguments that she was actually innocent of the public intoxication charge are of no moment.  Probable cause is an objective determination based on the circumstances that existed at the time of arrest.  *See Saldana v. Garza*, 684 F.2d 1159, 1164 (5th Cir. 1982) ("The Constitution does not guarantee that only the guilty will be arrested.  If it did, section 1983 would provide a cause of action for every defendant acquitted -- indeed for every suspect released.") (citing *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)).  Thus, the Court finds as a matter of law that Defendant Bluhm had probable cause to arrest Plaintiff for public intoxication.

Moreover, even if Defendant Bluhm did not have probable cause to arrest Plaintiff for public intoxication, he would nonetheless be entitled to qualified immunity because his actions were objectively reasonable in light of clearly-established law at the time of the violation.  A police officer who reasonably but mistakenly concludes that he has probable cause to arrest a suspect is nevertheless entitled to qualified immunity.  *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (citation omitted); s*ee also Saldana*, 684 F.2d at 1164) ("it is clear that a police officer may be immune from liability under § 1983 even if it is later determined that probable cause for an arrest did not exist") (citation omitted).  If officers of reasonable competence could disagree about whether Plaintiff's rights were violated, the officer's qualified immunity remains intact.  *Tarver*, 410 F.3d at 750.  Thus, to overcome claims of qualified immunity, "plaintiffs

must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Club Retro, L.L.C., v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009) (citation omitted).  Under the relevant facts recited above, the undersigned concludes that a reasonably competent officer could have arguably believed that he had probable cause to arrest Plaintiff for public intoxication, even in light of Plaintiff's assertions at the time that she was not the first aggressor and was only defending herself.

## CONCLUSION

Defendant Bluhm should be granted summary judgment on Plaintiff's unlawful arrest claim on the basis of qualified immunity.  Plaintiff's claims against Defendant Bluhm for unlawful detention, unlawful arrest, conspiracy under 42 U.S.C. § 1983, 1985, and 1986, and violations of the Texas Constitution should be dismissed with prejudice.

**SO RECOMMENDED** on June 14, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7