IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVIA B FRAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2404-M-BK |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order* (Doc. 18), this case was referred for pretrial management. The Court now considers *Defendant City of Dallas' Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*. For the reasons that follow, it is recommended that *Defendant City of Dallas' Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* (Doc. 51) be **GRANTED**.

## BACKGROUND

In the early morning hours of September 6, 2009, Defendant Bluhm was on uniformed patrol for the Dallas Police Department when he observed a fight involving several women on the sidewalk outside of some bars and restaurants. (Doc. 35-1 at 1). Bluhm observed Plaintiff "swinging her arms in an apparent attempt to strike the other participants in the altercation." *Id*. Bluhm and other Dallas police officers intervened and attempted to break up the fight. (Docs. 35-1 at 1; 38 at 3, 7). While screaming at the other women to leave her alone, Plaintiff tried to explain to Bluhm that she was only defending herself. (Doc. 38 at 3, 7).

Subsequently, Bluhm arrested Plaintiff for public intoxication. (Doc. 35 at 2). Plaintiff claims that despite the fact that she was not resisting, Bluhm pulled her arms behind her back and

1

slammed her into a parked car, injuring her arm. (Doc. 38 at 4). Despite Plaintiff yelling, "[m]y arm, my arm," Defendant Bluhm then handcuffed her. *Id*. After being placed under arrest, Plaintiff complained of pain in her left arm, so Bluhm removed Plaintiff's handcuffs, sat her on the curb, and called the paramedics to examine her. (Docs. 35-1 at 2; 38 at 4). Later, paramedics arrived on the scene and determined Plaintiff's arm was broken, but she refused transportation to the hospital by Dallas Fire-Rescue. (Docs. 35-1 at 2; 38 at 4, 7-8). Bluhm issued a citation to Plaintiff for public intoxication and released her to her friend to seek medical treatment. *Id*. The public intoxication citation was later dismissed. (Doc. 38 at 4). However, Plaintiff disputes the assertion that she was intoxicated or a danger to herself or others during the incident. *Id*. at 5

In *Plaintiff's First Amended Original Complaint*, she sues Bluhm under: (1) 42 U.S.C. § 1983 for the use of excessive force, unlawful detention and conspiracy; (2) 42 U.S.C. §§ 1985, 1986 for conspiracy to violate Plaintiff's constitutional rights; and (3) the Texas Constitution, for violating Plaintiff's right to due process and to be free of unreasonable searches and seizures. (Doc. 41 at 6-8). The City of Dallas moves for judgment on the pleadings in its favor, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 51). In response, Plaintiff concedes "that without discovery, she cannot meet the high burden of pleading required for a lawsuit of this nature against a municipality." She argues, however, that her "remaining claims against Defendant Bluhm are viable and should proceed without further delay." [1] (Doc. 54 at 1-2).

Accordingly, Defendant City of Dallas' Rule 12(c) motion should be GRANTED, and the Court should enter judgment for Defendant City of Dallas (Dallas) on all claims against it in this case.

---

[1] This Court has previously dismissed all the claims against Defendant Bluhm that Plaintiff re-alleges in her *First Amended Original Complaint*, save her claim against Bluhm for use of excessive force. (Doc. 42, 45-46).

## ANALYSIS

A Rule 12(c) motion is "treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)).

In support of its Rule 12(c) motion, Dallas contends that Fraga has failed to plead a plausible claim against it under 42 U.S.C. § 1983, since, *inter alia*, (1) Dallas cannot be held liable under a theory of *respondeat superior,* and (2) Fraga has failed to plead facts which would establish that an official policy/custom of the City was the moving force and actual cause of her injuries. (Doc. 51 at 1, 11-12). Dallas further argues, in pertinent part, that Plaintiff's claims against it for unlawful arrest and the use of unlawful force are foreclosed by the holding of the Supreme Court in *Paratt v. Taylor*, 451 U.S. 527 (1981), because Texas law provides an adequate post-deprivation remedy for each of these alleged violations. (Doc. 51 at 17-18). Citing the opinions in *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003); and *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), Dallas asserts that Plaintiff's denial of medical care claim also fails as a matter of law, because Plaintiff has not alleged facts that would support that "a government official acted with subjective deliberate indifference to her serious medical needs."[2] (Doc. 51 at 18). Finally, Dallas essentially contends that Fraga's conspiracy claims fail as a matter of law since she has

---

[2] Although Dallas addresses them in its motion, Plaintiff's claims in her Original Petition that she was denied adequate medical care following her injury (Doc. 2 at 10,13) were not included in her *First Amended Original Petition* and, thus, are of no consequence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).

plead no facts that would support the conclusion that the City of Dallas engaged in a conspiracy to violate of constitutional rights as required for claims brought under sections 1985 and 1986. (Doc. 51 at 19-21).

Plaintiff has wholly failed to refute these arguments, which are supported by the Court's review of pleadings and the law. Indeed, Plaintiff concedes that she cannot plead claims against the City of Dallas which will survive the 12(c) motion. Accordingly, Dallas is entitled to the relief it seeks, namely, judgment in its favor on all claims against it.

## CONCLUSION

*Defendant City of Dallas' Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* (Doc. 51) should be **GRANTED.** The Court should grant judgment in the City of Dallas' favor as to Plaintiff's claims against it for unlawful detention and arrest, use of excessive force, conspiracy under 42 U.S.C. § 1983, 1985, and 1986, and violations of the Texas Constitution.

To the extent Plaintiff seeks by her response to the Rule 12(c) motion an order compelling compliance with discovery requests propounded to Defendants, that request is denied without prejudice to Plaintiff properly urging it in a motion to compel.

**SIGNED** on November 15, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE